# UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

KEYONA JOHNSON :
3214 Kentucky Avenue :
Baltimore, MD 21213 :
  :
  :     **JURY TRIAL DEMANDED**
     Plaintiff, :
  :
     v. :
  :     No:
PENNSYLVANIA STATE POLICE :
8000 Bretz Drive :
West Hanover Township, PA 17112 :
  :
  :
     And :
  :
TROOPER COSTELLO :
PENNSYLVANIA STATE POLICE :
8000 Bretz Drive :
West Hanover Township, PA 17112 :
 (Individually and in his official capacity as :
State Trooper) :
  :
     And :
  :
JOHN DOE DEFENDANTS Nos. 1-10 :
  :
     Defendants :

## CIVIL ACTION COMPLAINT

**I.  Parties and Reasons for Jurisdiction.**

    1.    Plaintiff, Keyona Johnson (hereinafter "Plaintiff") is an adult individual residing at the above address.

    2.    Defendant, Pennsylvania State Police is organized under the laws of the Commonwealth of Pennsylvania with the capacity to sue and be sued.  The State Police

Department is a legal and political entity responsible for the maintaining public safety, order and enforcing the laws of the Commonwealth of Pennsylvania.

3.      Trooper Costello is, and at times material hereto, a State Trooper with the Pennsylvania State Police Department, and was acting under color of state law.  He is being sued herein, in his individual and official capacity.

4.      Defendants, John Does Nos. 1-10 are officials, state troopers, police officers and/or other public officials acting under color of state law who were involved in the following incident set forth in Plaintiff's complaint and at all times material hereto were acting under color of state law and are being sued in their individual and official capacities.

5.      Jurisdiction is conferred by 28 U.S.C. §§ 1331 and 1343.

6.      Pursuant to 28 U.S.C. § 1391(b)(1) and (b)(2), venue is properly laid in this district because Defendants conduct business in this district, and because a substantial part of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

**II.  Operative Facts.**

7.      Plaintiff, Keyona Johnson, is a thirty-eight (38) year old African-American woman.

8.      On February 28, 2020, Defendant Costello without any lawful justification executed a traffic stop upon a vehicle operated by Ms. Johnson.

9.      At the time of the stop, Ms. Johnson was travelling northbound on Interstate 81 at Mile Marker 72.1.

10.     At the time of the stop, Ms. Johnson was in full compliance with all traffic laws and was not in violation of any traffic laws giving rise to a stop.

11. Defendant Costello lacked a reasonable suspicion, much less probable cause, to stop Ms. Johnson's vehicle.

12. Upon information and belief, Defendant Costello executed the stop because he observed a Lexus SUV with Maryland license plates being driven by an African American woman.

13. After executing the traffic stop, Defendant Costello ordered Ms. Johnson to exit the vehicle.

14. Despite having no understanding as to why she was being stopped or ordered out of the vehicle, Ms. Johnson complied with Defendant Costello's instructions to Ms. Johnson to exit the vehicle.

15. Without probable cause or reasonable suspicion that she committed a crime,. Defendant Costello advised Ms. Johnson that she was under arrest.

16. Ms. Johnson, who was scared of what was happening to her, calmly asked Defendant Costello why she was being arrested.

17. Defendant Costello replied "because I can do whatever I want," and ordered Ms. Johnson to turn around to be handcuffed.

18. Alarmed, Ms. Johnson nonetheless complied.

19. Defendant Costello twisted Ms. Johnson's arm to handcuff her, injuring her shoulder, for which she has undergoing physical therapy. Ms. Johnson told Defendant Costello that he was hurting her.

20. Defendant Costello then transported Ms. Johnson to Dauphin County Jail.

21. The employees at the jail were confused as to why Ms. Johnson was present at the jail because she was not charged with a crime.

22.    After approximately two hours, Ms. Johnson was released.

23.    As a proximate result of Defendants' conduct, Plaintiff sustained significant damages, including but not limited to: imprisonment, great economic loss, future lost earning capacity, lost opportunity, loss of future wages, as well as emotional distress, mental anguish, humiliation, pain and suffering, personal injury and consequential damages.

## III.  Causes of Action.

### COUNT I – 4th AMENDMENT—ILLEGAL STOP
### (42 U.S.C.A. § 1983 et seq)
### (Plaintiff v. Defendants)

24.    Plaintiff incorporates paragraphs 1-23 as if fully set forth at length herein.

25.    At all times described above, Defendants were acting under color of state law.

26.    As described above, Defendants lacked probable cause, reasonable suspicion or legal justification to stop Plaintiff's vehicle.

27.    As a proximate result of Defendants' conduct, Plaintiff sustained significant damages, including but not limited to: imprisonment, great economic loss, future lost earning capacity, lost opportunity, loss of future wages, as well as emotional distress, mental anguish, humiliation, pain and suffering, personal injury and consequential damages.

28.    As a result of the conduct of Defendants, Plaintiff hereby demands punitive damages.

29.    Pursuant to 42 U.S.C. §1983, Plaintiff demands attorneys fees and court costs.

### COUNT II – 4th AMENDMENT—EXCESSIVE FORCE
### (42 U.S.C.A. § 1983 et seq)
### (Plaintiff v. Defendants)

30.    Plaintiff incorporates paragraphs 1-29 as if fully set forth at length herein.

31.    At all times material hereto, Defendants were acting under color of state law.

32.     As described above, Defendant Costello twisted Plaintiff's arm and handcuffed her for no legally justifiable reason.

33.     Given the totality of the circumstances involving Plaintiff's arrest, no reasonable officer could have believed that the use of force upon Plaintiff was legal.

34.     As a proximate result of Defendants' conduct, Plaintiff sustained significant damages, including but not limited to: imprisonment, great economic loss, future lost earning capacity, lost opportunity, loss of future wages, as well as emotional distress, mental anguish, humiliation, pain and suffering, personal injury and consequential damages.

35.     As a result of the conduct of Defendants, Plaintiff hereby demands punitive damages.

36.     Pursuant to 42 U.S.C. §1983, Plaintiff demands attorneys fees and court costs.

### COUNT III --FALSE ARREST
### (Pennsylvania State Law Claims)
### (Plaintiff v. Defendants)

37.     Plaintiff incorporates paragraphs 1-36 as if fully set forth at length herein.

38.     At all times material hereto, Defendants were acting under color of state law.

39.     As described above, Defendants arrested Plaintiff using excessive force and without probable cause as set forth above.

40.     Given the totality of circumstances surrounding Plaintiff's arrest, no reasonable officer could have believed that there existed probable cause to arrest Plaintiff as described above.

41.     As a proximate result of Defendants' conduct, Plaintiff sustained significant damages, including but not limited to: imprisonment, great economic loss, future lost earning

capacity, lost opportunity, loss of future wages, as well as emotional distress, mental anguish, humiliation, pain and suffering, personal injury and consequential damages.

42.    As a result of the conduct of Defendants, Plaintiff hereby demands punitive damages.

43.    Plaintiff demands attorneys fees and court costs.

### COUNT IV –4th AMENDMENT—CIVIL RIGHTS VIOLATIONS
### (42 U.S.C.A. § 1983 et seq)
### (Plaintiff v. Defendants)

44.    Plaintiff incorporates paragraphs 1-43 as if fully set forth at length herein.

45.    At all times material hereto, Defendants were acting under color of state law.

46.    As described above, Defendants illegally searched Plaintiff in violation of his 4th Amendment right to be free from excessive force and illegal stops.

47.    As a proximate result of Defendants' conduct, Plaintiff sustained significant damages, including but not limited to: imprisonment, great economic loss, future lost earning capacity, lost opportunity, loss of future wages, as well as emotional distress, mental anguish, humiliation, pain and suffering, personal injury and consequential damages.

48.    As a result of the conduct of Defendants, Plaintiff hereby demands punitive damages.

49.    Plaintiff demands attorneys fees and court costs.

## IV.  Relief Requested.

**WHEREFORE,** Plaintiff Keyona Johnson demands judgment in her favor and against Defendants jointly and severally, in an amount in excess of $150,000.00 together with:

A.  Compensatory damages, including but not limited to: imprisonment, lost opportunity, lost future earning capacity, injury to reputation, mental and emotional distress, pain

and suffering, personal injury, deprivation of his liberty and property interests, and violation of his constitutional rights;

B. Punitive damages;

C. Attorneys fees and costs of suit;

D. Interest, delay damages; and,

E. Any other further relief this Court deems just, proper, and equitable.

**LAW OFFICES OF ERIC A. SHORE, P.C.**

BY:_____

**GRAHAM F. BAIRD, ESQUIRE**
Two Penn Center
1500 JFK Boulevard,  Suite 1240
Philadelphia, PA 19110

Attorney for Plaintiff, Keyona Johnson

Date:2/17/2022