IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KEYONA JOHNSON, | : | Civil No. 1:22-CV-00230 |
| Plaintiff, | : | |
| v. | : | |
| PENNSYLVANIA STATE POLICE, *et al.*, | : | |
| Defendants. | : | Judge Jennifer P. Wilson |

# MEMORANDUM

Before the court is a motion to dismiss the complaint filed by Plaintiff Keyona Johnson ("Johnson"). (Doc. 1.) The motion was filed by the Pennsylvania State Police ("PSP") and PSP Trooper Costello ("Costello") (collectively, "Defendants") pursuant to Federal Rule of Civil Procedure 12(b)(6). (Doc. 8.) Johnson brought this action to recover damages resulting from a traffic stop in which Costello stopped and arrested Johnson. For the reasons that follow, the motion will be granted. Specifically, Johnson's claim for illegal stop will be dismissed with prejudice. Johnson's other claims will be dismissed without prejudice, and she will be granted leave to amend her complaint.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

As alleged in the complaint filed on February 17, 2022, Johnson was driving a motor vehicle northbound on Interstate 81 on February 28, 2020, when she was stopped by Costello in his capacity as a State Trooper. (Doc. 1, ¶¶ 3, 8–9.)

1

Johnson alleges that at the time of the stop, she was in full compliance with all traffic laws. (*Id.* ¶ 10.) Johnson alleges that Costello stopped her "because he observed a Lexus SUV with Maryland license plates being driven by an African American woman." (*Id.* ¶ 12.) Johnson alleges Costello ordered her to exit the vehicle and arrested her without notifying her of the cause. (*Id.* ¶¶ 13–14.) When Johnson asked why she was being arrested, Costello allegedly replied "because I can do whatever I want." (*Id.* ¶ 17.) The complaint states that, when placing Johnson under arrest, Costello twisted Johnson's arm to handcuff her, which injured her shoulder requiring her to undergo physical therapy. (*Id.* ¶ 19.)

According to the complaint, Johnson was never charged, but Costello transported her to Dauphin County Prison ("DCP"). (*Id.* ¶ 20.) Two hours after she arrived at DCP, Johnson was released. (*Id.* ¶ 22.) DCP employees were purportedly confused by Johnson being in custody at DCP in light of her not being charged with any offense. (*Id.* ¶ 21.) The complaint asserts that Johnson sustained significant damages not limited to imprisonment, great economic loss, future lost earning capacity, lost opportunity, loss of future wages, emotional distress, mental anguish, humiliation, pain and suffering, personal injury, and consequential damages. (*Id.* ¶ 23.)

The complaint alleges four counts against Defendants, including: illegal stop and excessive force in violation of the Fourth Amendment pursuant to 42 U.S.C. §

1983 (Counts I and II); false arrest in violation of Pennsylvania state law (Count III); and an unspecified civil rights violation that implies an illegal search in violation of the Fourth Amendment pursuant to 42 U.S.C. § 1983 (Count IV).  (*Id.* ¶¶ 24–49.)

Defendants filed a motion to dismiss on April 22, 2022, and a brief in support on May 6, 2022.  (Docs. 8, 10.)  Johnson timely filed a brief in opposition to which Defendants filed a reply.  (Docs. 11, 13.)  Defendants' supporting brief included exhibits of three citations which Costello issued to Johnson during the traffic stop in question.  (Docs. 10-1, 10-2, 10-3.)  The citations charged Johnson with: 1) operating a vehicle with a sunscreen preventing view through the windshield and side window; 2) following a vehicle closer than was reasonable and prudent for existing conditions; and 3) failing to drive on the right half of the roadway.  (Docs. 10-1, 10-2, 10-3.)  The supporting brief also included adjudication records for hearings in which Johnson was found guilty regarding the sunscreen charge and the charge for failing to drive on the right half of the roadway.  (Docs. 10-4, 10-5.)  No record of adjudication was provided for the charge of following too closely.

## JURISDICTION

This court has jurisdiction under 28 U.S.C. §§ 1331 and 1367, as three of the four claims arise under the Constitution of the United States, and the sole state law

claim is so related that it forms part of the same case or controversy. Further, venue is appropriate pursuant to 28 U.S.C. § 1391(b)(2).

## STANDARD OF REVIEW

In order "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556). "Conclusory allegations of liability are insufficient" to survive a motion to dismiss. *Garrett v. Wexford Health*, 938 F.3d 69, 92 (3d Cir. 2019) (quoting *Iqbal*, 556 U.S. at 678–79). To determine whether a complaint survives a motion to dismiss, a court identifies "the elements a plaintiff must plead to state a claim for relief," disregards the allegations "that are no more than conclusions and thus not entitled to the assumption of truth," and determines whether the remaining factual allegations "plausibly give rise to an entitlement to relief." *Bistrian v. Levi*, 696 F.3d 352, 365 (3d Cir. 2012).

## DISCUSSION

In their motion to dismiss, Defendants argue that the court should dismiss the claims against them because Johnson's claim for an illegal stop is barred by

Supreme Court precedent, Johnson's claim for excessive force is barred by Third Circuit precedent, and Johnson's claim for false arrest fails as a matter of state law. (Doc. 10, pp. 1–5.)[1]  Although Defendants move to dismiss all counts, Count IV is not addressed specifically.  The court presumes that this is because no factual allegations are specifically made in the Complaint with respect to Count IV.

### A. Johnson's illegal stop claim will be dismissed with prejudice.

Defendants argue that the court should dismiss Count I because Johnson's illegal stop claim is barred by *Heck v. Humphrey*, 512 U.S. 477 (1994).  (Doc. 10, pp. 1–3.)  As explained in *Heck*, "harm caused by actions whose unlawfulness would render a conviction or sentence invalid" is not cognizable under § 1983, unless the conviction or sentence has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus."  *Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994); *see also Johnson v. Mason*, No. 19-cv-2217, 2020 WL 905578, at *3 (M.D. Pa. Feb. 25, 2020).

Initially, the court notes that in arguing for dismissal of Johnson's illegal stop claim, Defendants rely on the three traffic citations Costello issued to Johnson on February 28, 2020, and the adjudications for those citations in which Johnson

---

[1] For ease of reference, the court uses the page numbers from the CM/ECF header.

was found guilty of two offenses.  (Doc. 10, pp. 5–7; Docs. 10-1, 10-2, 10-3.)  These records were not referenced in or attached to the complaint.  However, the court is permitted to review matters of public record in ruling on a motion to dismiss.  *Sands v. McCormick*, 502 F.3d 263, 268 (3d Cir. 2007) ("Generally, in ruling on a motion to dismiss, a district court relies on the complaint, attached exhibits, and matters of public record.") (citing *Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993)).  Therefore, as the court analyzes Defendants' motion to dismiss, it will consider the facts alleged in the complaint, the citations Costello issued to Johnson, and the adjudicative findings for those citations.

In response to Defendants' argument for dismissal of the illegal stop claim, Johnson argues that *Heck* does not always bar false arrest claims according to *Wallace v. Kato*, 549 U.S. 384, 390 (2007). (Doc. 11-1, p. 7.)  Further, Johnson argues that a false arrest claim does not always "render a sentence or conviction invalid."  (Doc. 11-1, p. 7 (quoting *Burke v. Twp. of Cheltenham*, 742 F. Supp. 2d 660, 669 (E.D. Pa. 2010)).)  For example, Johnson asserts that an arresting officer could lack probable cause to arrest and detain someone even if the evidence later supports conviction.  (Doc. 11-1, p. 7.)

According to *Wallace*, a person may be falsely arrested even if at some point that arrest becomes lawful.  *See* 549 U.S. at 390 ("If there is a false arrest claim,

damages for that claim cover the time of detention up until issuance of process or arraignment, but not more. From that point on, any damages recoverable must be based on a malicious prosecution claim and on the wrongful use of judicial process rather than detention itself." (quoting W. KEETON ET AL., ON LAW OF TORTS § 119, p. 888 (5th ed. 1984)). In short, under *Wallace*, a lawful arrest does not preclude a false arrest claim *per se*, so long as there are sufficient facts to make out such a claim.

Johnson's argument regarding *Wallace* as it applies to a false arrest misses the point regarding the illegal stop claim. Johnson's driving conduct prior to the traffic stop resulted in three citations and two guilty adjudications. These adjudications are evidence that Johnson committed traffic violations, and such violations are a basis for probable cause. Because probable cause existed at the time of the stop, *Wallace* is inapplicable and *Heck* applies. Therefore, Johnson's illegal stop claim is barred under *Heck* as a matter of law.

Even if the claim was not barred by *Heck*, Johnson has failed to meet the pleading standard for her illegal stop claim. To bring a claim under 42 U.S.C. § 1983, a plaintiff "must allege both a deprivation of a federally protected right and that this deprivation was committed by one acting under color of state law." *Woloszyn v. Cnty. of Lawrence*, 396 F.3d 314, 319 (3d Cir. 2005) (citing *Lake v. Arnold*, 112 F.3d 682, 689 (3d Cir. 1997)). The Fourth Amendment protects "the

right of the people . . . against unreasonable searches and seizures." U.S. CONST. amend. XIV.  The Third Circuit has held that a traffic stop is a seizure within the meaning of the Fourth Amendment and that the *Terry* standard applies to routine traffic stops.  *United States v. Delfin-Colina*, 464 F.3d 392, 396–97 (3d Cir. 2006.). Under the *Terry* standard, a police officer must have "reasonable suspicion" for the stop.  *Id.*  Although this standard is "generally undemanding," an officer is required to provide "'specific, articulable facts' to justify a reasonable suspicion to believe that an individual has violated the traffic laws."  *Id.* (citing *United States v. Cortez*, 449 U.S. 411, 416 (1981)).  The reviewing court must consider whether the "rational inferences from those facts reasonably warrant [the] intrusion."  *Id.* (quoting *Terry v. Ohio*, 392 U.S. 1, 21 (1968).  The reviewing court must weigh "the totality of the circumstances."  *Id.* (quoting *United States v. Sokolow*, 490 U.S. 1, 8 (1989).

The complaint, when stripped of legal conclusions, and in light of public records regarding Johnson's driving on February 28, 2020, does not allege sufficient facts to state a plausible claim.  For these reasons, the court will dismiss Johnson's illegal stop claim.  And because any such claim would be barred by *Heck*, this court will dismiss this claim with prejudice.

## B. Johnson's excessive force claim will be dismissed without prejudice.

Defendants argue that Third Circuit precedent precludes Johnson's excessive force claim and, on that basis, the court should dismiss it. (*Id.* at 3.) Specifically, in *Snell v. City of York*, 564 F.3d 659, 672–73 (3d Cir. 2009), the Third Circuit concluded that excessive force claims cannot be bootstrapped to probable cause challenges.[2] In short, even if a party can show a false arrest, that does not *per se* establish an excessive force claim. *Id.*

In arguing against dismissal, Johnson quotes heavily from *Broadwater v. Fow*, 945 F. Supp. 2d 574 (M.D. Pa. 2013). (Doc. 11-1, p. 6.) In *Broadwater*, the court concluded that valid convictions for simple assault and resisting arrest did not bar an arrestee's claims for excessive force under *Heck*. 945 F. Supp. 2d at 583. Johnson cites *Kopec v. Tate*, 361 F.3d 772 (3d Cir. 2004), for a similar proposition. (Doc. 11-1, p. 6.)

In *Broadwater*, the plaintiff alleged that the trooper defendants were aware the plaintiff previously had shoulder and wrist surgeries from which he suffered continued infirmity. 945 F. Supp. 2d at 580. When the plaintiff, handcuffed in the backseat of a patrol car, complained repeatedly about pain caused by the handcuffs, an officer further tightened the handcuffs, pepper-sprayed him, and

---

[2] In supporting this proposition, Defendants misattribute a quote made in *Robinson v. Fetterman* to *Bodine v. Warwick*. 378 F. Supp. 2d 534, 544 (E.D. Pa. 2005); 72 F.3d 393 (3d Cir. 1995). This misattribution would not warrant a footnote if not for the assiduous care Defendants take in their briefs to correct Plaintiff's quotations.

struck him at least three times in the face. *Id.* at 584. In *Kopec*, the plaintiff complained that the handcuffs placed on him were too tight. 361 F.3d at 777. Despite the handcuffs causing the plaintiff severe pain, and the "rather benign circumstances" at the time, it took the officer ten minutes to loosen the handcuffs. *Id.* This resulted in eventual permanent nerve damage. *Id.* In light of the circumstances, the Third Circuit reversed the trial court's granting summary judgment in favor of the officer. *Id.* at 778.

 Having considered the parties' arguments, the court concludes that Defendants have the better argument on this issue. While it is true that *Heck* does not preclude Johnson from bringing an excessive force claim, Johnson has not met the pleading standard. Section 1983 provides a cause of action for excessive force "when a law enforcement officer uses force so excessive that it violates the Fourth and Fourteenth Amendments to the United States Constitution." *Groman v. Twp. of Manalapan*, 47 F.3d 628, 633–34 (3d Cir. 1995) (citing *Brown v. Borough of Chambersburg*, 903 F.2d 274, 277 (3d Cir. 1990)). A plaintiff may have a claim against a police officer for excessive force under § 1983 if the officer used an unreasonable amount of force to effectuate the plaintiff's arrest. *Groman*, 47 F.3d at 633–34. The reasonableness of the force is determined by an objective standard. *Id.*

It is noteworthy that both *Broadwater* and *Kopec* include ample factual allegations to support excessive force claims. By contrast, Johnson makes few factual allegations relative to her excessive force claim. Johnson merely alleges that she was arrested, and that in the process of that arrest, Costello "twisted [Plaintiff's] arm to handcuff her, injuring her shoulder, for which she has [sic] undergoing physical therapy." (Doc. 1, ¶¶ 15–21.) Also, Johnson alleges that while she was being handcuffed, she told Defendant Costello "he was hurting her." (*Id.*) In addition to factual allegations, Johnson alleges "there was no justification whatsoever for a custodial arrest of any kind, under the totality of the circumstances" and, on that basis, any force was excessive. (Doc. 11-1, pp. 6–7.) However, these are legal conclusions that cannot be considered for the motion to dismiss.

The sparse facts alleged in the complaint are insufficient to state a claim that is plausible. For this reason, the court will dismiss Johnson's excessive force claim, but will grant Johnson leave to amend this claim.

**C. Johnson's false arrest claim will be dismissed without prejudice.**

Defendants argue that Johnson's state law claim for false arrest should be dismissed because the arrest in question was legal under state law. (*Id.* at 4–5.)[3]

---

[3] Defendants' brief also argues that the complaint violates Fed. R. Civ. P. 11(b) and "respectfully remind[s Plaintiff]'s Counsel of his obligations to 'Stop, Think, Investigate and Research before filing papers.'" (Doc. 10, pp. 5–8.) However, as this assertion fails to comply with the requirements of Fed. R. Civ. P. 11(c), the court will not address the sanctions request in this memorandum.

11

Specifically, Defendants argue that Johnson's claim for false arrest is not cognizable under 75 PA. CONS. STAT. ANN. § 6304(a), which provides that any uniformed PSP officer "may arrest without a warrant any person who violates any provision of this title in the presence of the police officer making the arrest." The traffic dockets that Defendants filed with their brief provide evidence that, at the time of the stop, Johnson had violated 75 PA. CONS. STAT. ANN. §§ 3301(a) and 4524(e)(1). (Docs. 10-4, 10-5.)

Johnson's opposition brief does not directly address Defendants' legal argument. But Johnson does assert that, as a practical matter, it would be impossible for Defendants to arrest every person stopped for traffic offenses. (Doc. 11-1, p. 8 n. 2.) Johnson then argues that there was no reason to arrest her. (*Id.* at 8.)

Pennsylvania courts define false arrest as "1) an arrest made without probable cause or 2) an arrest made by a person without privilege to do so." *Russoli v. Salisbury Twp.*, 126 F. Supp. 2d 821, 869 (E.D. Pa. 2000) (quoting *McGriff v. Vidovich*, 699 A.2d 797, 799 (Pa. Commw. Ct. 1997)). "Probable cause exists if there is a 'fair probability' that the person committed the crime at issue." *Harvard v. Cesnalis*, 973 F.3d 190, 199 (3d Cir. 2020) (quoting *Wilson v. Russo*, 212 F.3d 781, 789 (3d Cir. 2000)).

Based on the factual allegations presented in the complaint and the legal arguments made by the parties, the complaint does not make out a plausible claim for false arrest under state law. It is apparent that Costello is not a person "without privilege to" arrest. Therefore, Johnson must allege that Costello arrested her "without probable cause." The complaint, as written, does not plead sufficient facts to suggest Costello lacked probable cause. Nor does Johnson's brief identify a legal argument establishing that she has a cognizable false arrest claim based on the factual allegations asserted in her complaint. For these reasons, the court will dismiss Johnson's false arrest claim, but will grant Johnson leave to amend.

### D. Johnson's claim for general violations of her Fourth Amendment rights will be dismissed without prejudice.

In addition to the Fourth Amendment claims addressed above, alleging an illegal stop and excessive force, the complaint raises a final Fourth Amendment claim. (Doc. 1, ¶¶ 44–49.) This claim appears to allege that an illegal search was conducted. (*Id.* ¶ 46.)

The standard to prove an illegal search varies depending on what was searched. But in the instant case, Johnson's complaint does not allege any facts establishing that a search occurred. (*See* Doc. 1.) Because the complaint fails to allege that a search occurred, Johnson's claim for general violations of the Fourth Amendment cannot survive a motion to dismiss. For these reasons, Count IV of

Johnson's complaint will be dismissed, but Johnson will be granted leave to amend.

## CONCLUSION

For the reasons stated herein, the court will grant Defendants' motion to dismiss, though Johnson will be granted leave to amend the claims for excessive force, false arrest, and illegal search.  The claim for illegal stop will be dismissed with prejudice.  An appropriate order will issue.

s/Jennifer P. Wilson
JENNIFER P. WILSON
United States District Court Judge
Middle District of Pennsylvania

Dated: September 19, 2022